UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Jan Davis | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Robert Skeels                Erin Uyeshima
Alexander Rodriguez

**Proceedings:**    DEFENDANT LOS ANGELES UNIFIED SCHOOL
DISTRICT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT (Dkt. 16, filed on January 12, 2026)

## I.    INTRODUCTION

On September 26, 2025, plaintiff Y.A.R., a minor, by and through his guardian ad litem Karen Hernandez, filed this action against defendants Los Angeles Unified School District ("LAUSD" or "the District") and Does 1 through 15 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1, Ex. 1 ("Compl."). Plaintiff asserts seven claims for relief: (1) negligence, against all defendants; (2) negligent hiring, supervision, or retention of employees, against LAUSD; (3) assault, against LAUSD and Doe 1; (4) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against all defendants; (5) violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 ("ADA"), against all defendants; (6) violation of Government Code Section 11135, against all defendants; and (7) violation of California Education Code Sections 200 and 220, against all defendants. Id.

On November 25, 2025, LAUSD removed the case to this Court pursuant to 28 U.S.C. § 1441. Dkt. 1.

On January 12, 2026, LAUSD filed the instant motion to dismiss portions of plaintiff's complaint. Dkt. 16 ("Mot."). On February 2, 2026, plaintiff filed an opposition. Dkt. 17 ("Opp."). On February 10, 2026, defendant filed a reply. Dkt. 19 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

On February 23, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following in his complaint.

### A.    Parties

Plaintiff Y.A.R. is a minor who resides in Los Angeles, California with his parent and guardian ad litem, Karen Hernandez ("Parent"). Compl. ¶ 6.

Defendant LAUSD is a public entity within the provisions of Government Code Section 811.2 and a Unified School District as defined by Education Code Section 83 whose territorial jurisdiction lies within the County of Los Angeles, California. Id. ¶ 7.

Ramon C. Cortines School of Visual and Performing Arts ("VAPA") is a public high school that provides education for 9th through 12th grade students and offers special education services to eligible students under the Individuals with Disabilities Education Act ("IDEA"). VAPA is a part of the LAUSD. Id. ¶ 8.

Los Angeles High School ("LAHS") is a public high school that provides education for 9th through 12th grade students and offers special education services to eligible students under the IDEA. LAHS is a part of the LAUSD. Id. ¶ 10.

### B.    Facts Common to All Claims

Y.A.R. is a student with disabilities. Y.A.R. has a diagnosis of attention deficit hyperactivity disorder ("ADHD"). Additionally, Y.A.R. suffers from epilepsy. Id. ¶ 15. Y.A.R.'s disabilities substantially limit his major life activities, including his ability to learn, communicate, interact with others, control impulses, and attend school. Id. ¶ 16.

Y.A.R. was enrolled at VAPA at the commencement of the 2023-2024 school year. Id. ¶ 18. From the beginning of the 2023 school year, Y.A.R. was subjected to severe and persistent bullying by his fellow students, including disability-based bullying. Id. ¶ 19. The principal actor perpetrating the bullying of Y.A.R. was a student known as "Fabrizzio." Id. ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

On September 7, 2023, Fabrizzio threatened to beat Y.A.R. up.  Id. ¶ 21.  Y.A.R. reported the September 7, 2023 incident to his school counselor at VAPA, Karissa Reese, but the District failed to contact Parent following the September 7, 2023 bullying incident.  Id. ¶ 24.

On September 28, 2023, on the VAPA campus, Y.A.R. was walking to the restroom when Fabrizzio attacked Y.A.R. from behind and began punching Y.A.R. repeatedly on his head.  Id. ¶ 26.  The same day, Y.A.R. reported the incident to the District, which drafted the first safety plan for Y.A.R; however, the plan contained no provisions detailing the responsibilities of or strategies for the school's administration or teachers, and instead placed the onus on Y.A.R. to avoid Fabrizzio and several other boys listed on the safety plan.  Id. ¶ 27-28.

On September 29, 2023, Parent brought Y.A.R. to Kaiser Permanente for treatment by Dr. Catherine Hurley, MD.  Id. ¶ 30.  On September 29, 2023, Dr. Hurley diagnosed Y.A.R. with a mild concussion and provided a treatment plan and a note excusing Y.A.R. from attending school from September 28, 2023 through October 1, 2023.  Id. ¶ 31.  The September 29, 2023, note was provided to the District.  Id. ¶ 32.

On or about October 2, 2023, Y.A.R. returned to school and the bullying continued unabated.  The safety plan the District drafted failed to protect Y.A.R. from the severe and persistent bullying.  Id. ¶ 33.  The District failed to investigate whether the bullying was based on Y.A.R.'s disabilities, and the District was deliberately indifferent to the underlying cause of the bullying and to its duties to protect Y.A.R.  Id. ¶ 34.

On October 10, 2023, Fabrizzio approached Y.A.R. and tried to shove him.  Id. ¶ 35.  On October 11, 2023, Fabrizzio threatened to fight Y.A.R. after school.  Id. ¶ 36. The District failed to hold an individualized education plan ("IEP") meeting to determine whether the severe and pervasive disability-based bullying Y.A.R. was suffering warranted a change of placement or services.  Id. ¶ 37.

On October 12, 2023, Parent wrote via email to VAPA Assistant Principal Sharon J. Lee ("A.P. Lee").  Parent explained that she had been reporting the severe and persistent bullying of her son, reminded A.P. Lee of the concussion her son had suffered as a result of the school failing to prevent the bullying, and stressed the dangers of an epileptic child getting hit in the head.  Parent pleaded with the District to take action to make her son safe.  Id. ¶ 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

On October 19, 2023, Fabrizzio spat on Y.A.R. when he was on his way to class. 40. Later in the day, Fabrizzio and another student confronted Y.A.R. and said they wanted to fight him. Y.A.R. reported the incidents to the Dean, M. Flores. Id. ¶ 41.

The same day, Parent called and emailed A.P. Lee regarding the escalation of the severe and pervasive, disability-based bullying Y.A.R. was subjected to at school. Id. ¶ 42. On October 19, 2023, Dean Flores "revisited and revised" Y.A.R.'s safety plan by adding a passage committing Y.A.R. to a plan of "I will not talk about Fabrizzio / anything related." The District again failed to include provisions of responsibilities or strategies for the school's administration or teachers in the safety plan. Id. ¶ 43.

On October 20, 2023, A.P. Lee again reviewed the safety plan in response to the October 19, 2023 email from Parent. However, the District failed to make any changes that would have protected Y.A.R. from foreseeable harm, including failing to assign any "Administrator(s) responsibilities and strategies" or "Teacher(s) responsibilities and strategies." Id. ¶ 44.

"On October 23, 2023, [at] about 8:13 a.m., A.P. Lee was informed that Fabrizzio and five other students were waiting for Y.A.R. after school on October 20, 2023. Despite this notice, the District failed to take any action." Id. ¶ 46. On October 23, 2023, Fabrizzio confronted Y.A.R. as Y.A.R. was speaking to staff, and Fabrizzio began shouting profanity towards Y.A.R. while attempting to punch Y.A.R. Id. ¶ 47-48. During the confrontation in which staff failed to effectively intervene, Fabrizzio landed a vicious punch to Y.A.R.'s face, causing Y.A.R. intense pain. Id. ¶ 49. Y.A.R. was taken to the school nurse's office. Id. ¶ 50. The District failed to report the incident to law enforcement. Id. ¶ 51. The same day, Parent brought Y.A.R. to Kaiser Permanente for treatment by Danielle Elizabeth Goodrich, MD, who diagnosed Y.A.R. with a nasal bone fracture, face contusion, and noted the cause of the injury was "assault." Id. ¶ 53-54. On October 23, 2023, a nurse at Kaiser Permanente contacted Los Angeles Police Department ("LAPD") regarding the assault and battery of Y.A.R. that occurred on the VAPA campus during school hours. Id. ¶ 55. Dr. Goodrich provided Y.A.R. with a note that excused them from school from October 23, 2023 through October 24, 2023 and a note that excused them from any physical activity including physical education, sports, or exercise from October 23, 2023 through November 6, 2023. Id. ¶ 57-58.

On October 24, 2023, Parent emailed A.P. Lee informing her that Y.A.R. would not be attending school due to his injuries. Id. ¶ 59. The same day, Parent called the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

District's Estela Moreno Lee and reported the incidents of severe and pervasive disability-based bullying, culminating in the October 23, 2023 attack.  Id. ¶ 60.

On October 25, 2023, following a re-evaluation of Y.A.R., Kaiser Permanente's Dr. Sharon Elaine Worsley, MD wrote Y.A.R. a note stating that he was unable to attend school for two days, beginning October 25, 2023.  Id. ¶ 61.  The same day, Parent emailed the District's A.P. Lee notifying her that Y.A.R. would be returning to school on October 27, 2023, and requested a time for her to stop by for a safety plan meeting.  Id. ¶ 62.

On October 26, 2023, Y.A.R. had an appointment at Kaiser Permanente with Dr. Carolyn View-Chau Nguyen, MD, who provided a note informing the District that Y.A.R. was on a modified school attendance schedule from October 28, 2023 until December 4, 2023.  Id. ¶ 63.

On October 27, 2023, Parent met with the District's A.P. Lee, Dean Flores, and Assistant Principal Henderson ("A.P. Henderson").  A fourth safety plan was drafted.  Id. ¶ 64.  While the fourth safety plan was somewhat of an "improvement" on the previous ones inasmuch as the District personnel drew on a map a "pathway" by which Y.A.R. could "avoid" his bullies, the plan failed to articulate concrete provisions for adult interventions to prevent the severe and persistent, disability-based bullying Y.A.R. had been continually subjected to.  Id. ¶ 65.

The same day, at about 4:59 p.m., Parent received a call from the District's Estela Moreno Lee, who asked Parent about the safety plan status.  Parent explained that Fabrizzio had been lying in wait for Y.A.R. at the after-school location where Y.A.R. would wait for his grandparents to pick him up, and Moreno Lee instructed Parent to have Y.A.R. follow through with the safety plan to see if that would help.  Id. ¶ 66.

On October 30, 2023, Y.A.R. reported to school counselor Karissa Reese that he was still experiencing issues on campus.  Id. ¶ 67.  The same day, Y.A.R. had a follow-up appointment for a procedure at Kaiser Permanente with Dr. Carolyn View-Chau Nguyen, M.D., after which Dr. Nguyen provided a note restricting Y.A.R. from contact sports or activities until December 11, 2023.  Id. ¶ 68.

The threats to Y.A.R. from Fabrizzio and Fabrizzio's friends continued, and the District remained deliberately indifferent to the foreseeable and unreasonable risk of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

Y.A.R.'s bullies assaulting him again.  Accordingly, Parent decided the only safe course was to obtain a transfer for her child.  Id. ¶ 69.

On December 15, 2023, Parent completed an intra-district transfer application for Y.A.R. to attend Los Angeles High School ("LAHS").  Id. ¶ 70.

On February 1, 2024, Y.A.R. was heading to the LAHS school office with a pass in-hand to secure a chromebook computer.  Id. ¶ 71.  Y.A.R. was accosted by a staff member known to Y.A.R. by the nickname "Batman" (Doe 1), who ordered Y.A.R. back to class.  Id. ¶ 72.  Attempting to reason with Doe 1, Y.A.R. showed Doe 1 his pass and explained his purpose for heading to the office.  Doe 1 curtly told Y.A.R. that he "didn't care" and once again ordered Y.A.R. back to class, "outstretching his arms to block the hallway."  Id. ¶ 74-74.  Doe 1 was also holding an umbrella and intentionally began swinging his arms in a menacing manner to deny access to the hallway.  In the course of this arm-swinging, Doe 1's umbrella came dangerously close to Y.A.R.'s face.  Y.A.R., recently traumatized by the October 23, 2023 nasal bone fracture, reasonably believed that Doe 1 was about to strike him in the face and recoiled in fear.  Id. ¶ 74.  Another staff member saw the incident and beckoned Y.A.R. to come to the office.  Only then did Doe 1 cease his threatening actions toward Y.A.R.  Id. ¶ 75.

On February 4, 2024, Parent, through her attorneys of record, wrote to LAHS Principal Ms. Marguerette Baptiste, requesting a revised safety plan and explaining why Doe 1's threatening conduct was so egregious and how it was also perceived as bullying.  Id. ¶ 76.  The District failed to address the incident with Doe 1 and failed to update Y.A.R.'s safety plan as requested in Parent's February 4, 2024 letter.  Y.A.R. felt unsafe at school and suffered from anxiety every day he remained at LAHS.  Id. ¶ 77.

After several weeks, Parent subsequently withdrew Y.A.R. from the District and enrolled him at a charter school corporation.  Id. ¶ 78.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture
Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

LAUSD moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss
plaintiff's claims for equitable relief and plaintiff's sixth cause of action for violation of
Government Code § 11135. Mot. at 2. Alternatively, LAUSD moves pursuant to Rule
12(f) to strike plaintiff's claims for equitable relief as insufficient and immaterial. <u>Id.</u>

LAUSD argues that plaintiff lacks standing to pursue claims for equitable
injunctive relief "because several weeks after February 4, 2024, he withdrew from the
School District and enrolled in a charter school. … Under the circumstances, there is no
continuing, present adverse effect to Plaintiff that can be remedied with injunctive relief."
<u>Id.</u> at 9-10 (citing cases). LAUSD argues that the "public interest exception" does not
apply because "[p]ublic interest standing … is available only in a mandate proceeding,
not in an ordinary civil action." <u>Id.</u> at 10 (quoting <u>People ex rel. Becerra v. Superior
Court</u>, 29 Cal. App. 5th 486, 503 (2018)).

Furthermore, LAUSD argues that plaintiff failed to exhaust administrative
procedures required by the IDEA to assert equitable relief claims. <u>Id.</u> at 11. Defendant
argues that "Section 1415 (l) of the IDEA allows a party to seek remedies under 'other
Federal laws protecting the rights of children with disabilities,' but requires that before
filing such a civil action, 'the procedures under § 1415 (f) and (g) [to] be exhausted.'" <u>Id.</u>
at 11 (citing <u>Perez v. Sturgis Pub. Sch.</u>, 598 U.S. 142, 144 (2023)). Because "Plaintiff
does not describe that he has exhausted IDEA administrative remedies," LAUSD argues
that plaintiff's claims for equitable relief fail. <u>Id.</u> at 12.

Finally, LAUSD argues that because "Plaintiff is no longer a student in the School
District" and lacks standing to pursue equitable relief, plaintiff fails to state a claim for
violation of Government Code § 11135, whose remedies are limited to a civil action for
equitable relief. <u>Id.</u> at 12 (citing cases).

In opposition, plaintiff argues that defendant's standing challenge to plaintiff's
claims for equitable relief is premature and overbroad. Opp. at 4. Plaintiff argues that
the injunctive relief he seeks—"requiring Defendant to implement policies protecting
students with disabilities at LAUSD schools and to cease hiring/retaining employees who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

fail to adhere to bullying laws"—"are issues more appropriately resolved on summary judgment." Id. Plaintiff further argues that "the issue of whether declaratory relief is available in a civil action under the public interest exception is seemingly still undecided law." Id. at 4 (citing Hector F. v. El Centro Elementary School Dist., 227 Cal.App.4th 331, 342 (2014)).

Plaintiff also argues that he need not exhaust the IDEA's administrative procedures to assert his claims for equitable relief because his complaint does not allege a denial of a free appropriate public education ("FAPE") under the IDEA. Opp. at 2. Instead, plaintiff's seeks equitable relief pursuant to his fourth and fifth claims for violation of Section 504 of the Rehabilitation Act and violation of Title II of the Americans with Disabilities Act, respectively. See id.

Plaintiff argues that because he may properly assert claims for equitable relief, his sixth cause of action under Government Code Section 11135 should not be dismissed. Opp. at 4-5.

In reply, LAUSD repeats that the "public interest exception" does not apply to plaintiff's claims for equitable relief because that exception is available only where plaintiff has requested a writ of mandate under which "the petitioner has the burden of proving a clear, present, and usually ministerial duty on the part of the respondent, and a clear, present, and beneficial right in the petitioner for the performance of that duty." Reply at 6 (quoting Skulason v. California Bureau of Real Estate, 14 Cal. App. 5th 562, 567 (2017)). LAUSD argues that the injunctive relief plaintiff seeks—a Court order directing LAUSD employees to "cease hiring and retaining employees that fail to adhere to California laws regarding bullying" and "adopt and implement policies that protect the rights of students with disabilities at VAPA and LAHS"—does not implicate a "ministerial duty" because "[h]iring and retaining employees and adopting and implementing policies necessarily involves discretion." Id. at 6-7. Accordingly, LAUSD argues that the "public interest exception" to general standing rules does not apply. Id.

Moreover, LAUSD argues that because "Plaintiff's claims for equitable relief are the types of claims covered under the IDEA," plaintiff must exhaust the IDEA's administrative procedure requirement before seeking equitable relief. Id. at 8-9.

The Court finds that plaintiff lacks standing to pursue his claims for equitable relief and his sixth cause of action for violation of Government Code § 11135. Plaintiff seeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

"an order and/or injunction from the Court ordering LAUSD to cease hiring and retaining employees that fail to adhere to California laws regarding bullying" and "ordering LAUSD to adopt and implement policies that protect the rights of students with disabilities at VAPA and LAHS." Compl. at 23. However, plaintiff no longer attends a school that is a part of the LAUSD and does not allege to have plans to re-enroll in a LAUSD school. See compl. ¶ 78. Therefore, plaintiff lacks standing to pursue his claims for injunctive relief against LAUSD because his status as a former student demonstrates that his alleged injuries will not be redressed by the requested relief. See Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir.2000) ("It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy."); City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects.") (citation omitted); Colombini v. Members of Bd. of Directors of Empire Coll. Sch. of L., No. C9704500CRB, 2001 WL 1006785, at *7 (N.D. Cal. Aug. 17, 2001), aff'd sub nom. Colombini v. Members of Bd. of Directors, 61 F. App'x 387 (9th Cir. 2003) ("The plaintiff has not presented any reason why his case might fall under the 'capable of repetition, yet evading review' exception or third-party standing doctrines since there is no reasonable expectation that he will be subject to [LAUSD] policies again and he no longer has a sufficiently concrete or personal interest in [LAUSD] policy.").

Nor does the "public interest standing" exception, pursuant to California Code of Civil Procedure § 1085, apply to plaintiff. See Save the Plastic Bag Coal. v. City of Manhattan Beach, 52 Cal. 4th 155, 166 (2011). "Public-interest standing … is available only in a mandate proceeding [pursuant to California Code of Civil Procedure § 1085], not in an ordinary civil action." People ex rel. Becerra v. Superior Ct., 29 Cal. App. 5th 486, 503 (2018). As an initial matter, a writ of mandate under Section 1085 is not applicable in federal court, where proceedings are governed by the Federal Rules of Civil Procedure. See Mazza v. People of California, No. 16-CV-03052-EMC, 2016 WL 6277000, at *2 (N.D. Cal. Oct. 27, 2016) ("California's writ of mandate statute, Cal. Code, Civ. Proc. § 1085, is a procedural rule which a number of courts have held do not apply to a federal court."); San Francisco Apartment Ass'n v. City & Cnty. of San Francisco, 142 F. Supp. 3d 910, 917 n.2 (N.D. Cal. 2015) ("[Section] 1085 is a 'procedural mechanism,' … not a substantive claim. … Moreover it does not apply in federal court.") (citations omitted). Moreover, plaintiff has not petitioned the court for a writ of mandate pursuant to Section 1085; therefore, the "public interest standing"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11341-CAS-SSCx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

exception is inapplicable to this civil action.  Accordingly, plaintiff lacks standing to pursue his claims for injunctive relief against LAUSD.

Because plaintiff lacks standing to pursue his claims for injunctive relief, the Court does not address LAUSD's argument that plaintiff is required—but has failed—to exhaust administrative procedures required by the IDEA to assert such claims.  See Seaview Trading, LLC v. Comm'r of Internal Revenue, 858 F.3d 1281, 1287 (9th Cir. 2017) ("We generally may not address the merits of a case where we find, as we do here, that the party bringing the action lacks standing.").

Moreover, because plaintiff lacks standing to pursue his claims for injunctive relief, plaintiff lacks standing to pursue a claim under Government Code Section 11135. "Remedies for violations of California Government Code section 11135 … are limited to 'a civil action for equitable relief.'" Newman v. San Joaquin Delta Cmty. Coll. Dist., 814 F. Supp. 2d 967, 982 (E.D. Cal. 2011) (quoting Cal. Gov't Code § 11139).  Here, "[p]laintiff[] lack[s] standing to bring a claim to enforce Section 11135 because [he] ha[s] failed to adequately plead a case or controversy regarding injunctive relief." Bear River Band of Rohnerville Rancheria v. California Dep't of Soc. Servs., No. 23-CV-01809-HSG, 2024 WL 1055849, at *5 (N.D. Cal. Mar. 11, 2024).  Accordingly, plaintiff's sixth cause of action must be dismissed.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** LAUSD's motion to dismiss plaintiff's claims for equitable relief and plaintiff's sixth cause of action for violation of Government Code § 11135, with leave to amend.

Any amended complaint shall be filed within twenty days of the date of this order.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |