UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-11341-CAS-SSCx | Date | July 23, 2026 |
| Title | Y.A.R., a minor v. Los Angeles Unified School District | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES RAISED IN DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 33, filed on June 29, 2026)

## I. INTRODUCTION

The Court finds that the instant motions are appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On September 26, 2025, plaintiff Y.A.R., a minor, by and through his guardian ad litem Karen Hernandez, filed this action against defendants Los Angeles Unified School District ("LAUSD" or "the District") and Does 1 through 15 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1, Ex. 1 ("Compl."). Plaintiff asserts seven claims for relief: (1) negligence, against all defendants; (2) negligent hiring, supervision, or retention of employees, against LAUSD; (3) assault, against LAUSD and Doe 1; (4) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against all defendants; (5) violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 ("ADA"), against all defendants; (6) violation of Government Code Section 11135, against all defendants; and (7) violation of California Education Code Sections 200 and 220, against all defendants. Id.

On November 25, 2025, LAUSD removed the case to this Court pursuant to 28 U.S.C. § 1441. Dkt. 1.

On January 12, 2026, LAUSD filed a motion to dismiss portions of plaintiff's complaint. Dkt. 16. On February 23, 2026, the Court granted LAUSD's motion to dismiss plaintiff's claims for equitable relief and plaintiff's sixth cause of action for violation of Government Code § 11135, with leave to amend. Dkt. 20.

On March 16, 2026, plaintiff filed his operative First Amended Complaint. Dkt. 21 ("FAC"). The FAC asserts the following claims for relief against defendants LAUSD, Ramon C. Cortines School of Visual and Performing Arts ("VAPA"), Los Angeles High School ("LAHS"), and Does 1 through 15: (1) negligence, against all defendants; (2) negligent hiring, supervision, or retention of employees, against LAUSD; (3) assault, against LAUSD and Doe 1; (4) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against all defendants; (5) violation of Title II of the ADA, against all defendants; and (6) violation of California Education Code sections 200 and 220. Id.

On March 30, 2026, defendant LAUSD filed an answer to the FAC. Dkt. 22. On May 26, 2026, LAUSD filed a first amended answer to the FAC, asserting thirty one affirmative defenses. Dkt. 30 ("LAUSD FAA" or "LAUSD First Amended Answer").

On June 25, 2026, plaintiff and LAUSD stipulated to strike LAUSD's sixteenth and thirty-first affirmative defenses and to amend LAUSD's twenty-fifth affirmative defense. Dkt. 31. The same day, the Court granted the parties' stipulation. Dkt. 32.

On June 29, 2026, plaintiff filed the instant motion to strike some of LAUSD's affirmative defenses asserted in its first amended answer to the FAC. Dkt. 33-1 ("Mot."). On July 6, 2026, LAUSD filed an opposition. Dkt. 34 ("Opp."). On July 13, 2026, plaintiff filed a reply. Dkt. 35 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following in his operative First Amended Complaint.

### A. Parties

Plaintiff Y.A.R. is a minor who resides in Los Angeles, California with his parent and guardian ad litem, Karen Hernandez ("Parent"). Compl. ¶ 7.

Defendant LAUSD is a public entity within the provisions of Government Code Section 811.2 and a Unified School District as defined by Education Code Section 83 whose territorial jurisdiction lies within the County of Los Angeles, California. Id. ¶ 8.

Ramon C. Cortines School of Visual and Performing Arts is a public high school that provides education for 9th through 12th grade students and offers special education services to eligible students under the Individuals with Disabilities Education Act ("IDEA"). VAPA is a part of the LAUSD. Id. ¶ 9.

Los Angeles High School is a public high school that provides education for 9th through 12th grade students and offers special education services to eligible students under the IDEA. LAHS is a part of the LAUSD. Id. ¶ 10.

**B. Facts Common to All Claims**

Y.A.R. is a student with disabilities. Y.A.R. has a diagnosis of attention deficit hyperactivity disorder ("ADHD"). Additionally, Y.A.R. suffers from epilepsy. Id. ¶¶ 14-15. Y.A.R.'s disabilities substantially limit his major life activities, including his ability to learn, communicate, interact with others, control impulses, and attend school. Id. ¶ 16.

Y.A.R. was enrolled at VAPA at the commencement of the 2023-2024 school year. Id. ¶ 18. From the beginning of the 2023 school year, Y.A.R. was subjected to severe and persistent bullying by his fellow students, including disability-based bullying. Id. ¶ 19. The principal actor perpetrating the bullying of Y.A.R. was a student known as "Fabrizzio." Id. ¶ 20.

On September 7, 2023, Fabrizzio threatened to beat Y.A.R. up. Id. ¶ 21. Y.A.R. reported the September 7, 2023 incident to his school counselor at VAPA, Karissa Reese, but the District failed to contact Parent following the September 7, 2023 bullying incident. Id. ¶ 24.

On September 28, 2023, on the VAPA campus, Y.A.R. was walking to the restroom when Fabrizzio attacked Y.A.R. from behind and began punching Y.A.R. repeatedly on his head. Id. ¶ 26. The same day, Y.A.R. reported the incident to the District, which drafted the first safety plan for Y.A.R; however, the plan contained no provisions detailing the responsibilities of or strategies for the school's administration or teachers, and instead placed the onus on Y.A.R. to avoid Fabrizzio and several other boys listed on the safety plan. Id. ¶ 27-28.

On September 29, 2023, Parent brought Y.A.R. to Kaiser Permanente for treatment by Dr. Catherine Hurley, MD. Id. ¶ 30. On September 29, 2023, Dr. Hurley diagnosed Y.A.R. with a mild concussion and provided a treatment plan and a note excusing Y.A.R. from attending school from September 28, 2023 through October 1, 2023. Id. ¶ 31. The September 29, 2023, note was provided to the District. Id. ¶ 32.

On or about October 2, 2023, Y.A.R. returned to school and the bullying continued unabated. The safety plan the District drafted failed to protect Y.A.R. from the severe and persistent bullying. Id. ¶ 33. The District failed to investigate whether the bullying was based on Y.A.R.'s disabilities, and the District was deliberately indifferent to the underlying cause of the bullying and to its duties to protect Y.A.R. Id. ¶ 34.

On October 10, 2023, Fabrizzio approached Y.A.R. and tried to shove him. Id. ¶ 35. On October 11, 2023, Fabrizzio threatened to fight Y.A.R. after school. Id. ¶ 36. The District failed to hold an individualized education plan ("IEP") meeting to determine whether the severe and pervasive disability-based bullying Y.A.R. was suffering warranted a change of placement or services. Id. ¶ 37.

On October 12, 2023, Parent wrote via email to VAPA Assistant Principal Sharon J. Lee ("A.P. Lee"). Parent explained that she had been reporting the severe and persistent bullying of her son, reminded A.P. Lee of the concussion her son had suffered as a result of the school failing to prevent the bullying, and stressed the dangers of an epileptic child getting hit in the head. Parent pleaded with the District to take action to make her son safe. Id. ¶ 38.

On October 19, 2023, Fabrizzio spat on Y.A.R. when he was on his way to class. Id. ¶ 39. Later in the day, Fabrizzio and another student confronted Y.A.R. and said they wanted to fight him. Y.A.R. reported the incidents to the Dean, M. Flores. Id. ¶ 40.

The same day, Parent called and emailed A.P. Lee regarding the escalation of the severe and pervasive, disability-based bullying Y.A.R. was subjected to at school. Id. ¶ 41. On October 19, 2023, Dean Flores "revisited and revised" Y.A.R.'s safety plan by adding a passage committing Y.A.R. to a plan of "I will not talk about Fabrizzio / anything related." The District again failed to include provisions of responsibilities or strategies for the school's administration or teachers in the safety plan. Id. ¶ 43.

On October 20, 2023, A.P. Lee again reviewed the safety plan in response to the October 19, 2023 email from Parent. However, the District failed to make any changes that would have protected Y.A.R. from foreseeable harm, including failing to assign any "Administrator(s) responsibilities and strategies" or "Teacher(s) responsibilities and strategies." Id. ¶ 44.

"On October 23, 2023, [at] about 8:13 a.m., A.P. Lee was informed that Fabrizzio and five other students were waiting for Y.A.R. after school on October 20, 2023. Despite this notice, the District failed to take any action." Id. ¶ 46. On October 23, 2023, Fabrizzio confronted Y.A.R. as Y.A.R. was speaking to staff, and Fabrizzio began shouting profanity towards Y.A.R. while attempting to punch Y.A.R. Id. ¶ 47-48. During the confrontation in which staff failed to effectively intervene, Fabrizzio landed a vicious punch to Y.A.R.'s face, causing Y.A.R. intense pain. Id. ¶ 49. Y.A.R. was taken to the school nurse's office. Id. ¶ 50. The District failed to report the incident to law enforcement. Id. ¶ 51. The same day, Parent brought Y.A.R. to Kaiser Permanente for treatment by Danielle Elizabeth Goodrich, MD, who diagnosed Y.A.R. with a nasal bone fracture, face contusion, and noted the cause of the injury was "assault." Id. ¶ 53-54. On October 23, 2023, a nurse at Kaiser Permanente contacted Los Angeles Police Department ("LAPD") regarding the assault and battery of Y.A.R. that occurred on the VAPA campus during school hours. Id. ¶ 55. Dr. Goodrich provided Y.A.R. with a note that excused them from school from October 23, 2023 through October 24, 2023 and a note that excused them from any physical activity including physical education, sports, or exercise from October 23, 2023 through November 6, 2023. Id. ¶ 57-58.

On October 24, 2023, Parent emailed A.P. Lee informing her that Y.A.R. would not be attending school due to his injuries. Id. ¶ 59. The same day, Parent called the District's Estela Moreno Lee and reported the incidents of severe and pervasive disability-based bullying, culminating in the October 23, 2023 attack. Id. ¶ 60.

On October 25, 2023, following a re-evaluation of Y.A.R., Kaiser Permanente's Dr. Sharon Elaine Worsley, MD wrote Y.A.R. a note stating that he was unable to attend school for two days, beginning October 25, 2023. Id. ¶ 61. The same day, Parent emailed the District's A.P. Lee notifying her that Y.A.R. would be returning to school on October 27, 2023, and requested a time for her to stop by for a safety plan meeting. Id. ¶ 62.

On October 26, 2023, Y.A.R. had an appointment at Kaiser Permanente with Dr. Carolyn View-Chau Nguyen, MD, who provided a note informing the District that Y.A.R. was on a modified school attendance schedule from October 28, 2023 until December 4, 2023. Id. ¶ 63.

On October 27, 2023, Parent met with the District's A.P. Lee, Dean Flores, and Assistant Principal Henderson ("A.P. Henderson"). A fourth safety plan was drafted. Id. ¶ 64. While the fourth safety plan was somewhat of an "improvement" on the previous ones inasmuch as the District personnel drew on a map a "pathway" by which Y.A.R. could "avoid" his bullies, the plan failed to articulate concrete provisions for adult interventions to prevent the severe and persistent, disability-based bullying Y.A.R. had been continually subjected to. Id. ¶ 65.

The same day, at about 4:59 p.m., Parent received a call from the District's Estela Moreno Lee, who asked Parent about the safety plan status. Parent explained that Fabrizzio had been lying in wait for Y.A.R. at the after-school location where Y.A.R. would wait for his grandparents to pick him up, and Moreno Lee instructed Parent to have Y.A.R. follow through with the safety plan to see if that would help. Id. ¶ 66.

On October 30, 2023, Y.A.R. reported to school counselor Karissa Reese that he was still experiencing issues on campus. Id. ¶ 67. The same day, Y.A.R. had a follow-up appointment for a procedure at Kaiser Permanente with Dr. Carolyn View-Chau Nguyen, M.D., after which Dr. Nguyen provided a note restricting Y.A.R. from contact sports or activities until December 11, 2023. Id. ¶ 68.

The threats to Y.A.R. from Fabrizzio and Fabrizzio's friends continued, and the District remained deliberately indifferent to the foreseeable and unreasonable risk of Y.A.R.'s bullies assaulting him again. Accordingly, Parent decided the only safe course was to obtain a transfer for her child. Id. ¶ 69.

On December 15, 2023, Parent completed an intra-district transfer application for Y.A.R. to attend Los Angeles High School ("LAHS"). Id. ¶ 70.

On February 1, 2024, Y.A.R. was heading to the LAHS school office with a pass in-hand to secure a chromebook computer. Id. ¶ 71. Y.A.R. was accosted by a staff member known to Y.A.R. by the nickname "Batman" (Doe 1), who ordered Y.A.R. back to class. Id. ¶ 72. Attempting to reason with Doe 1, Y.A.R. showed Doe 1 his pass and

explained his purpose for heading to the office. Doe 1 curtly told Y.A.R. that he "didn't care" and once again ordered Y.A.R. back to class, "outstretching his arms to block the hallway." Id. ¶ 74-74. Doe 1 was also holding an umbrella and intentionally began swinging his arms in a menacing manner to deny access to the hallway. In the course of this arm-swinging, Doe 1's umbrella came dangerously close to Y.A.R.'s face. Y.A.R., recently traumatized by the October 23, 2023 nasal bone fracture, reasonably believed that Doe 1 was about to strike him in the face and recoiled in fear. Id. ¶ 74. Another staff member saw the incident and beckoned Y.A.R. to come to the office. Only then did Doe 1 cease his threatening actions toward Y.A.R. Id. ¶ 75.

On February 4, 2024, Parent, through her attorneys of record, wrote to LAHS Principal Ms. Marguerette Baptiste, requesting a revised safety plan and explaining why Doe 1's threatening conduct was so egregious and how it was also perceived as bullying. Id. ¶ 76. The District failed to address the incident with Doe 1 and failed to update Y.A.R.'s safety plan as requested in Parent's February 4, 2024 letter. Y.A.R. felt unsafe at school and suffered from anxiety every day he remained at LAHS. Id. ¶ 77.

After several weeks, Parent subsequently withdrew Y.A.R. from the District and enrolled him at a charter school corporation. Id. ¶ 78.

In its operative First Amended Answer to plaintiff's complaint, LAUSD asserts the following affirmative defenses that are challenged by plaintiff in his instant motion to strike:

> THIRD AFFIRMATIVE DEFENSE: The full and equal enjoyment of any alleged accommodation, and its services, were not denied to the Plaintiff. On information and belief[,] Plaintiff completely lacks an injury-in-fact, which is necessary for standing to bring the instant action. Therefore, Plaintiff lacks standing to assert one or more claims and/or the claims are not ripe for adjudication.
>
> ELEVENTH AFFIRMATIVE DEFENSE: Any and all acts or omissions of the School District, their agents, or employees were at all times reasonable, privileged, and justified.
>
> FIFTEENTH AFFIRMATIVE DEFENSE: The School District is informed and believes and therefore alleges that any and all damages sustained by Plaintiff, if any, were the result of unforeseen and uncontrollable "acts of God."

SIXTEENTH AFFIRMATIVE DEFENSE: Defendants, and each of them, are immune from liability under the 11th Amendment to the U.S. Constitution as an "arm of the state." Sato v. Orange County Dept. of Educ., 861 F.3d 923 (2017). Plaintiff's claims are barred in whole or in party by sovereign immunity and/or the Eleventh Amendment.

SEVENTEENTH AFFIRMATIVE DEFENSE: On information and belief, alleged actions by the School District's employees were taken for legitimate, non-discriminatory, non-retaliatory reasons and not by reason of disability.

NINETEENTH AFFIRMATIVE DEFENSE: On information and belief, one or more claims are barred, in whole or in part, by the applicable statute of limitations.

TWENTIETH AFFIRMATIVE DEFENSE: Plaintiff is not entitled to compensatory damages absent the requisite showing under applicable law, including (as applicable) intentional discrimination and/or deliberate indifference, which the School District denies.

THIRTY – FIRST AFFIRMATIVE DEFENSE: Pursuant to Government Code section 818.8, Defendant is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional.

The School District reserves the right to assert additional affirmative defenses and to supplement, alter, or change their answer and defenses upon revelation of more definitive allegations and upon the undertaking of discovery and investigation in this matter.

LAUSD First Amended Answer ¶¶ 151, 159, 163, 164, 165, 166, 167, 178, 179 (cleaned up).

## III. LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A motion to strike is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient

defense, simply tests whether a pleading contains inappropriate material. Where the moving party claims that a defense is insufficient, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Simmons v. Navajo County, 609 F.3d 1011, 1023 (9th Cir. 2010) (quotation marks omitted). The essential function of a Rule12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

Under Federal Rule of Civil Procedure 8, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824 (9th Cir. 1979); see Fed. R. Civ. P. 8(a)(2) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it. …"). To meet this lenient "fair notice" standard, a defendant need only state "the nature and grounds for the affirmative defense." See, e.g., Vogel v. Linden Optometry APC, CV 13–0295, 2013 WL 1831686 (C.D. Cal. Apr. 30, 2013); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012).

## IV. DISCUSSION

Plaintiff moves to strike LAUSD's third, eleventh, fifteenth, seventeenth, nineteenth, twentieth, and thirty-first affirmative defenses. Mot. at 1-3.

The Court has reviewed the parties' arguments and finds that only LAUSD's nineteenth affirmative defense should be stricken. The nineteenth affirmative defense states: "On information and belief, one or more claims are barred, in whole or in part, by the applicable statute of limitations." LAUSD First Amended Answer ¶ 166. The Court finds that this defense provides insufficient notice of the specific statute or statutes of limitations that are asserted by LAUSD to bar plaintiff's claim or claims. The Ninth Circuit has suggested that "simply alleg[ing] that 'plaintiff's claims are barred by the applicable statute of limitations[]'" is insufficient. See Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979) (finding that the statute of limitations defense was adequately pleaded "under [] circumstances" in which a "memorandum [attached to defendant's motion for leave to amend its answer and counterclaim] made *specific mention* of Cal.Code Civ.Proc. s 338.1 as the statute of limitations upon which

[defendant] relied" for its statute of limitations affirmative defense) (emphasis added). Here, LAUSD fails to articulate either the specific statute or statutes of limitations that support its defense or the relevant claim or claims which are purportedly barred by such statute or statutes. Thus, the Court finds that LAUSD's nineteenth affirmative defense, as written, fails to provide plaintiff with fair notice of the defense.

However, with respect to LAUSD's third, eleventh, fifteenth, seventeenth, twentieth, and thirty-first affirmative defenses, the Court finds that they provide "fair notice" of "the nature and grounds for the affirmative defense[s]." See, e.g., Vogel v. Linden Optometry APC, CV 13–0295, 2013 WL 1831686 (C.D. Cal. Apr. 30, 2013). Accordingly, the Court declines to strike LAUSD's third, eleventh, fifteenth, seventeenth, twentieth, and thirty-first affirmative defenses. The merits of such defenses are more appropriately resolved on a more developed record.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to strike LAUSD's third, eleventh, fifteenth, seventeenth, twentieth, and thirty-first affirmative defenses.

The Court **STRIKES** LAUSD's nineteenth affirmative defense, with leave to amend. LAUSD shall file an amended answer amending the nineteenth affirmative defense within seven (7) days of the date of this order.

The Court **VACATES** the hearing scheduled for July 27, 2026

IT IS SO ORDERED.

00 : 00

Initials of Preparer CMJ